POOL *v.* GORDON.

Opinion delivered May 17, 1920.

1. EXECUTORS AND ADMINISTRATORS — UNCOLLECTED RENT NOTE.—
Where plaintiff, on her mother's death, agreed, in consideration
of her stepfather conveying to her a part of her mother's land,
that her stepfather should occupy the homestead during his life-
time and annually receive a certain amount from the rents of
the other land, to be evidenced by a rent note, and that on the
stepfather's death the unpaid or unused portions of such pay-
ments should go to the plaintiff, an uncollected rent note belonged
to the stepfather, and at his death to his administrator.

2. EXECUTORS AND ADMINISTRATORS — CLAIM FOR USED PORTION OF
NOTE.—Where plaintiff, on her mother's death, for a considera-
tion, agreed that her stepfather should receive a certain amount
of rent annually from plaintiff's land, but that on the step-
father's death the uncollected rent note or unused portion of
such annual payment should go to the plaintiff, the latter, in
order to recover from the stepfather's administrator the unused
portion of the proceeds of a rent note, should present her claim
therefor within the time required under Acts 1907, p. 1170.

Appeal from Conway Circuit Court; *A. B. Priddy,*
Judge; affirmed.

STATEMENT OF FACTS.

Tennie B. Pool sued J. M. Gordon, administrator of
the estate of Henry Haynes, deceased, to recover $200,
the amount of a note alleged to belong to her and which
she claims the defendant converted to his own use.

The defendant filed an answer, denying the allega-
tions of the complaint.

The facts are as follows: Henry Haynes married
the mother of Tennie B. Pool. On the death of his wife,
Henry Haynes and his stepdaughter, Tennie B. Pool, en-
tered into a written contract for the execution of a quit-
claim deed by Henry Haynes to Tennie B. Pool to sixty
acres of bottom land which his wife had owned in her life-
time and her homestead in the town of Morrilton. In
consideration of the execution of said deed to her, Tennie
B. Pool agreed that Henry Haynes should occupy the
homestead in the town of Morrilton during his natural

life and, further, "that said Henry Haynes shall have and receive out of the rents of the other property herein described the sum of $200 (two hundred dollars) per annum during his natural life, the first payment to be made now and out of the rents for the present year 1909, and annually thereafter out of said rents to be paid in the following manner: The rent notes when executed each year to be deposited by the said Tennie B. Pool in the Bank of Morrilton for collection, and, when collected, said $200 (two hundred dollars) to be passed to the credit of the said Henry Haynes, said payment to cease and all of said property, both real and personal, including any unpaid or unused portion of said annual payment to pass and become the property of the said Tennie B. Pool at the death of said Henry Haynes.

"And in consideration of the above agreement I, Henry Haynes, hereby release all my claims on said property, both personal and real, except as herein specified.

"Signed in duplicate this 9th day of November, 1909."

In the early part of 1914, the rent note of the bottom farm for $200 was placed in the Bank of Morrilton and had not been collected by the bank at the time that Henry Haynes died in October, 1914. By virtue of his office as sheriff, J. M. Gordon became administrator of the estate of Henry Haynes, deceased, and took charge of the $200 note and after it was collected expended the same toward the payment of the expenses of the last illness of Henry Haynes, consisting of his doctor's bill and nurse hire and also his funeral expenses. He filed his final account current on the 2d day of July, 1915. Tennie B. Pool never filed any claim against the estate of Henry Haynes, deceased.

The circuit court found that the defendant as public administrator had made a proper disbursement of all the funds in his hands belonging to the estate of Henry Haynes, deceased, and adjudged that the plaintiff recover nothing of him in this suit.

From the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*J. Allen Eades,* for appellant.

The $200 note did not belong to the estate of Henry Haynes, and appellant was not required to probate her claim against his estate. She had a written contract signed by the deceased that all unused or unpaid portion of said annuities should be her own property at his death, and appellee admits that he collected the $200 note after the death of Henry Haynes. It is so alleged in the complaint that the $200 note was for rent of plaintiff's land for 1914. This is not denied in the answer. The contract makes the $200 not paid over the absolute property of plaintiff. The contract was duly filed and recorded in the recorder's office at Morrilton and appellee had notice. The estate is liable. 33 Ark. 142-150.

*Edward Gordon,* for appellee.

The findings of the court on a question of fact, as here, are conclusive if there is any legal evidence to support them. The testimony is conclusive on appeal. Authorities too numerous to cite. Only the unused portion of the note was to belong to appellant at Haynes' death, and the court so properly held.

HART, J. (after stating the facts). Counsel for the plaintiff seek to reverse the judgment on the ground that the $200 note, the proceeds of which are alleged to have been converted by the defendant, did not belong to the estate of Henry Haynes, deceased; and that she was not required to probate her claim against his estate.

We cannot agree with counsel in this contention. The contract which we have copied in part in our statement of facts provides that the rent notes when executed each year should be deposited by the said Tennie B. Pool in the Bank of Morrilton for collection and when collected should be placed to the credit of Henry Haynes. Continuing, the contract further provides that said payments should cease, and that all of said property, in-

cluding any unpaid or unused portion of said annual payment, should pass and become the property of Tennie B. Pool, at the death of Henry Haynes. Henry did not die until October, 1914. It was the evident intention of the parties, by the contract to provide a fund for the support and maintenance of Henry Haynes during his lifetime, and that only the unused portion thereof should go to Tennie B. Pool at his death.

It is true that the note was not actually collected until after Henry Haynes died, but the proceeds were used and applied toward the payment of his last illness and his funeral expenses. We think under the contract that it was the intention of the parties that the note should belong to Henry Haynes when it was deposited in the bank and that only the unused portion of it should go to Tennie B. Pool after his death. It then became a part of his estate when he died. In the first place, the evidence for the defendant shows that the proceeds of the note were applied to the payment of the expenses of the last illness and funeral expenses of Henry Haynes, deceased, and that no unused portion was left.

On the other hand, if it should be contended that his other property should have been devoted to that purpose and that Tennie B. Pool was entitled to the proceeds of the $200 note, she should have presented her claim to the administrator, duly authenticated, within the time required by the statute. See Acts of 1907, page 1170. This she did not do, and for that reason her claim against his estate is barred.

It follows that the judgment will be affirmed.